# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2010

Lyle W. Cayce
Clerk

No. 10-30242
Summary Calendar

KEITH STEWART,

Plaintiff-Appellant

v.

Mrs. UNKNOWN SENG, M.D.; CHARLES GAYLORD, Sergeant; UNKNOWN EMT'S,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-17

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Keith Stewart, Louisiana prisoner # 98926, moves for leave to proceed in forma pauperis (IFP) following the district court's certification that his appeal from the grant of summary judgment for the remaining defendant in his civil rights action is taken in bad faith. He also moves for appointment of counsel; his motion for appointment of counsel is denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30242

Stewart gives no indication of the issues he will raise on appeal apart from his conclusional assertion that the district court dismissed his action before he could present evidence.  Stewart has failed to brief any issues for his challenge to the district court's certification that his appeal is taken in bad faith.  *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).  His IFP motion is denied.

This court may sua sponte dismiss an appeal pursuant to Fifth Circuit Rule 42.2 if "the merits are so intertwined with the certification decision as to constitute the same issue" and it is apparent that the appeal would lack merit. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).  The district court's certification was based on the merits of Stewart's claim against a particular physician, and therefore is intertwined with the merits of the case.  Because Stewart has failed to brief his challenge to the certification, his appeal is dismissed as frivolous.  *See Baugh,* 117 F.3d at 202 n.24.

Our dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Stewart that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.